IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS INC.; BAYER PHARMA AKTIENGESELLSCHAFT; and BAYER AKTIENGESELLSCHAFT,<br><br>Plaintiffs,<br><br>v.<br><br>SCIEGEN PHARMACEUTICALS, INC.,<br><br>Defendant. | Case No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT AND FOR DECLARATORY JUDGMENT OF PATENT INFRINGEMENT**

Plaintiffs Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma Aktiengesellschaft ("Bayer Pharma AG"), and Bayer Aktiengesellschaft ("Bayer AG") (collectively, "Bayer" or "Plaintiffs"), for their Complaint against Defendant ScieGen Pharmaceuticals, Inc. ("ScieGen" or "Defendant"), hereby allege as follows:

**NATURE OF THE ACTION**

1.  This is an action for patent infringement and for a declaratory judgment of patent infringement of United States Patent No. RE49,826 (the "RE'826 Patent"). This action arises out of ScieGen filing or causing to be filed Abbreviated New Drug Application No. 220745 ("ScieGen's ANDA") with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Bayer's KERENDIA®, (finerenone) drug product. Through ScieGen's ANDA, ScieGen seeks approval to market a generic version of the pharmaceutical product KERENDIA® before the expiration of the RE'826 Patent. This action also arises out of ScieGen's current and/or imminent manufacture, use, sale, offer to sell within the United Sates,

–1–

–2–

and/or importation to the United States of ScieGen's generic version of the pharmaceutical product KERENDIA®. A true and correct copy of the RE'826 Patent is attached as Exhibit A. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, costs and expenses, and any other relief the Court deems just and proper.

## THE PARTIES

2. Plaintiff Bayer HealthCare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 100 Bayer Blvd., Whippany, NJ 07981.

3. Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Müllerstrasse 178, 13353 Berlin, Germany.

4. Plaintiff Bayer AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany. Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG are wholly owned subsidiaries of Bayer AG.

5. Bayer is a pioneering pharmaceutical company that aims to develop therapies and treatments that can help prevent, treat, or potentially cure diseases. Bayer is committed to the discovery and development of new therapies that improve the health of millions of patients around the world. Guided by science and Bayer's commitment to patients, Bayer strives to address the individual needs of patients in order to achieve improved and sustainable health for all. By unlocking previously undruggable targets and applying breakthrough technologies, Bayer is challenging the limitations of medical treatment. Through this approach, Bayer has become a global leader in treating and preventing cardiovascular disease.

6. On information and belief, Defendant ScieGen Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 89 Arkay Drive, Hauppauge, New York 11788, as indicated on page 1 of its Paragraph IV Notice Letter.

7. On information and belief, ScieGen, directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in Delaware.

8. On information and belief, ScieGen represents that it "was founded in 2009 with the goal of providing patients with high quality generic medicines at affordable costs" and has filed "over 75 ANDA's and manufacturing products that treat a variety of therapeutic categories." Exhibit B (available at https://sciegenpharm.com/about-us/). ScieGen represents that "[a]ll of [its] products are manufactured in the USA." *Id.*

9. On information and belief, ScieGen prepared and submitted ScieGen's ANDA and continues to seek FDA approval of that application.

10. On information and belief, ScieGen intends to commercially manufacture, market, offer for sale, and sell the product described in ScieGen's ANDA ("ScieGen's ANDA Product") throughout the United States, including in the State of Delaware, in the event the FDA approves ScieGen's ANDA.

**JURISDICTION AND VENUE**

11. This is a civil action for patent infringement and declaratory judgment of infringement of U.S. Patent No. RE49,826. This action arises under the patent laws of the United

States, 35 U.S.C. §§ 100 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271.

13. Venue is proper in this Court as to ScieGen under 28 U.S.C. § 1400(b) at least because ScieGen will commit acts of infringement giving rise to the claims against it in Delaware upon approval of ScieGen's ANDA.

14. ScieGen has also agreed not to contest venue in Delaware for the purposes of this this litigation only.

15. In addition, this Court has personal jurisdiction over ScieGen, and venue is proper as to ScieGen because, on information and belief, ScieGen: (1) is qualified to do business in Delaware; (2) has customers in Delaware; (3) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in Delaware; (4) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical products in Delaware; (5) directly or indirectly maintains pervasive, continuous, and systematic contacts with Delaware, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in Delaware; (6) enjoys substantial income from sales of its generic pharmaceutical products in Delaware; and (7) intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute ScieGen's ANDA Product in Delaware.

16. On information and belief, ScieGen "is registered to distribute in all 50 states," which includes Delaware, "and is a DEA certified license holder for analytical lab, manufacturer, and importer of schedule II, III, IV & V drugs." Exhibit C (available at

https://sciegenpharm.com/regulatory-and-compliance/). On information and belief, ScieGen is registered as a Distributor/Manufacturer with the Delaware Division of Professional Regulation, Application No. DM-0013100, and is set to expire on June 30, 2027. Exhibit E (available at https://delpros.delaware.gov/oh_verifylicensedetails?pid=a0et000000314myAAA). On information and belief, ScieGen is registered as a Pharmacy with the Delaware Division of Professional Regulation, Application No. A4-0002523, which is set to expire on September 30, 2026. Exhibit F (available at https://delpros.delaware.gov/oh_verifylicensedetails?pid=a0et000000318LwAAI).

17. This Court has personal jurisdiction over ScieGen for at least the additional reason that it has availed itself of the legal protections of Delaware by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Genentech, Inc., et al. v. ScieGen Pharmaceuticals, Inc.*, No. 1:19-cv-00131 (D. Del.); *Otsuka Pharmaceutical Co., Ltd. v. ScieGen Pharmaceuticals Inc., et al.*, No. 1:14-cv-08077 (D. Del.); *UCB, Inc. v. ScieGen Pharmaceuticals, Inc., et al.*, No. 1:13-cv-01217 (D. Del.).

18. On information and belief, ScieGen filed or caused to be filed ScieGen's ANDA with the FDA.

19. On information and belief, ScieGen maintains distribution channels for the commercial supply of generic drugs, including on information and belief ScieGen's ANDA Product, throughout the United States, including in Delaware.

**BAYER'S APPROVED KERENDIA® AND THE RE'826 PATENT**

20. Bayer HealthCare Pharmaceuticals Inc. holds New Drug Application ("NDA") No. 215341 on KERENDIA®, which the FDA approved on July 9, 2021. The FDA also granted five years of regulatory exclusivity on KERENDIA® for a new chemical entity pursuant to 21

C.F.R. § 314.108, which regulatory exclusivity expires on July 9, 2026. Bayer markets and sells products that are the subject of NDA No. 215341 in the United States under the brand name KERENDIA®.

21.     KERENDIA® (finerenone) is a non-steroidal mineralocorticoid receptor antagonist (nsMRA) indicated to reduce the risk of: sustained estimated glomerular filtration rate (eGFR) decline, end stage kidney disease, cardiovascular death, non-fatal myocardial infarction, and hospitalization for heart failure in adult patients with chronic kidney disease (CKD) associated with type 2 diabetes (T2DM); and cardiovascular death, hospitalization for heart failure, and urgent heart failure visits in adult patients with heart failure with left ventricular ejection fraction (LVEF) ≥40%. A true and correct copy of the prescribing information for KERENDIA® is attached as Exhibit D.

22.     The prescribing information for KERENDIA® instructs that each KERENDIA® tablet contains "10 mg, 20 mg, or 40 mg of finerenone" which "is a white to yellow crystalline powder." Exhibit D at Section 11.

23.     Pursuant to 21 U.S.C. § 355(b)(1), the RE'826 Patent is listed in the FDA's publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (commonly referred to as the "Orange Book") as covering KERENDIA®.

24.     The RE'826 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 6, 2024, and is titled "Method for the preparation of (4S)-4-(4-cyano-2-methoxyphenyl)-5-ethoxy-2,8-dimethyl-1,4-dihydro-1-6-naphthyridine-3-carboxamide and the purification thereof for use as an active pharmaceutical ingredient." Ex. A. The RE'826 patent will expire on July 29, 2035.

25. RE'826 Patent is a reissue of U.S. Patent No. 10,336,749 ("'749 Patent"), originally issued on July 2, 2019, with the same title as the RE'826 Patent. The RE'826 Patent comprises claims 14-30; claims 1-13 of the original '749 Patent do not form a part of the RE'826 Patent.

26. Bayer Pharma AG is the assignee of the RE'826 Patent.

27. Bayer AG holds an exclusive license to the RE'826 Patent.

## SCIEGEN'S ANDA AND NOTICE LETTER

28. On information and belief, ScieGen submitted its ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of ScieGen's ANDA Product as a purported generic version of KERENDIA® before the expiration of the RE'826 Patent.

29. ScieGen sent Bayer a letter dated September 8, 2025 ("ScieGen's Paragraph IV Notice Letter") providing notice that ScieGen's ANDA contains a certification with respect to the RE'826 Patent under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"). Bayer AG received ScieGen's Paragraph IV Notice Letter on September 12, 2025.

30. The Paragraph IV Certification represents that ScieGen filed its ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its generic finerenone tablets, 10 mg and 20 mg, in the United States before the expiration of the RE'826 Patent.

31. ScieGen's Paragraph IV Notice Letter purported to contain a "Detailed Statement for ANDA 220745" ("Detailed Statement").

32. ScieGen's purported Detailed Statement alleged that claims 14-30 of the RE'826 Patent are invalid as obvious. ScieGen's Paragraph IV Notice Letter did not allege any other claims of the RE'826 Patent are invalid or that any other claims of the RE'826 Patent will not be infringed.

33. ScieGen's Paragraph IV Notice Letter purported to include an Offer of Confidential Access ("OCA") to certain ScieGen confidential information regarding ScieGen's ANDA Product. Plaintiffs requested that ScieGen revise its purported OCA on September 29, 2025. ScieGen failed to respond to Plaintiffs' correspondence.

34. On information and belief, ScieGen has participated in the preparation and submission of ScieGen's ANDA, has provided material support to the preparation and submission of ScieGen's ANDA, and intends to support the further prosecution of ScieGen's ANDA.

35. On information and belief, if the FDA approves ScieGen's ANDA, ScieGen will manufacture, offer for sale, or sell its ANDA Product within the United States, including within Delaware, or will import its ANDA Product into the United States, including Delaware.

36. On information and belief, if the FDA approves ScieGen's ANDA, ScieGen will actively induce or contribute to the manufacture, use, offer for sale, or sale of its ANDA Product.

37. Bayer is commencing this action within 45 days of the date of receipt of ScieGen's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF THE RE'826 PATENT

38. The allegations of paragraphs 1-37 above are repeated and re-alleged as if set forth fully herein.

39. On information and belief, ScieGen has submitted or caused the submission of ScieGen's ANDA to FDA, and continues to seek FDA approval of the ScieGen ANDA.

40. ScieGen has infringed the RE'826 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ScieGen's ANDA with a Paragraph IV certification and seeking FDA approval of ScieGen's ANDA before the expiration of the RE'826 Patent.

41. On information and belief, if ScieGen's ANDA is approved, ScieGen and its affiliates will immediately make, sell, offer for sale, or otherwise distribute ScieGen's ANDA Product in the United States, including in Delaware, thereby directly infringing one or more claims of the RE'826 Patent.

42. Unless enjoined by this Court, upon approval of ANDA No. 220745, ScieGen will make, use, offer to sell, or sell ScieGen's ANDA Product within the United States, or will import ScieGen's ANDA Product into the United States, and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the RE'826 Patent.

43. On information and belief, ScieGen has acted with full knowledge of the RE'826 Patent and without a reasonable basis for believing that the manufacture, use or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

44. ScieGen's Detailed Statement in ScieGen's Paragraph IV Notice Letter lacks sufficient basis to show that ScieGen's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the RE'826 Patent.

45. Bayer will be irreparably harmed if ScieGen is not enjoined from infringing, and from actively inducing or contributing to the infringement of the RE'826 Patent. Bayer does not

have an adequate remedy at law, and considering the balance of hardships between Bayer and ScieGen, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

46. The submission of ScieGen's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of ScieGen's ANDA Product before the expiration of the RE'826 Patent also entitles Bayer to fees under 35 U.S.C. § 271(e)(4) and § 285.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE RE'826 PATENT

47. The allegations of paragraphs 1-46 above are repeated and re-alleged as if set forth fully herein.

48. Bayer's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

49. On information and belief, if ScieGen's ANDA is approved, ScieGen and its affiliates will immediately make, sell, offer for sale, and/or import ScieGen's ANDA Product in the United States, including in Delaware, thereby directly infringing one or more claims of the RE'826 Patent under at least 35 U.S.C. §§ 271 (a). Additionally, on information and belief, health care professionals or patients who use ScieGen's ANDA product will directly infringe one or more claims of the RE'826 Patent under one or more of 35 U.S.C. §§ 271 (a), (f), and (g).

50. On information and belief, ScieGen knows and intends that health care professionals or patients will use ScieGen's ANDA Product in accordance with the labeling sought by ScieGen's ANDA and ScieGen will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the RE'826 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

51. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Bayer and ScieGen concerning liability for the infringement of the RE'826 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

52. Bayer will be irreparably harmed if ScieGen is not enjoined from infringing, and from actively inducing or contributing to the infringement of the RE'826 Patent. Bayer does not have an adequate remedy at law, and considering the balance of hardships between Bayer and ScieGen, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

53. This case is exceptional, and Bayer is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Bayer requests that the Court grant the following relief:

A. A judgment that ScieGen infringes the RE'826 Patent under 35 U.S.C. § 271(e)(2)(A);

B. A declaratory judgment that ScieGen's manufacture, use, offer for sale, or sale of ScieGen's ANDA Product in the United States, or importation into the United States, will directly infringe one or more claims of the RE'826 Patent under 35 U.S.C. §§ 271(a), (f), and/or (g);

C. A declaratory judgment that ScieGen's manufacture, use, offer for sale, or sale of ScieGen's ANDA Product in the United States, or importation into the United States, will induce and/or contribute to the infringement of one or more claims of the RE'826 Patent under 35 U.S.C. §§ 271 (b) and/or (c);

D.    A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining ScieGen, its affiliates and subsidiaries, and all persons or entities acting in concert with ScieGen from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the RE'826 Patent by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including ScieGen's ANDA Product described in ANDA No. 220745;

E.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of ScieGen's ANDA No. 220745 be a date that is not earlier than the expiration date of the RE'826 Patent, or any later expiration of any patent term extension or exclusivity for the RE'826 Patent to which Bayer is or becomes entitled;

F.    A declaration under 28 U.S.C. § 2201 that if ScieGen, its officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with ScieGen or acting on its behalf, engages in the commercial manufacture, use, offer for sale, sale and/or importation of the product described in ANDA No. 220745, it will constitute an act of direct and/or indirect infringement of the RE'826 Patent;

G.    An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent ScieGen commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the RE'826 Patent within the United States before the expiration of the RE'826 Patent, including any later expiration of any patent term extension or exclusivity for the RE'826 Patent to which Bayer is or becomes entitled, and that any such monetary relief be awarded to Bayer with prejudgment interest;

–13–

H.     The entry of judgment declaring that ScieGen's acts render this case an exceptional case, and awarding Bayer its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

I.     An award of Bayer's costs and expenses in this action; and

J.     Such other and further relief as the Court may deem just and proper.

Dated: October 20, 2025

Of Counsel:

Deborah Fishman
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
(650) 319-4500
deborah.fishman@arnoldporter.com

Jeremy Cobb
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
(202) 942-5000
jeremy.cobb@arnoldporter.com

Abigail Struthers
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
abigail.struthers@arnoldporter.com

MCCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs
Bayer HealthCare Pharmaceuticals Inc.,
Bayer Pharma AG, and Bayer AG*